**U.S. Department of Justice**



07-231

*United States Attorney*
*Western District of Pennsylvania*

---

*U.S. Post Office & Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*                    *412/644-3500*

June 13, 2007

Saskia A. Jordan, Esquire
Haddon, Morgan, Mueller, Jordan, Mackey & Foreman, P.C.
150 E. 10th Avenue
Denver, CO 80203

Re: <u>United States v. Royal Distribution Inc.</u>

Dear Ms. Jordan:

This letter sets forth the agreement by which your client, Royal Distribution Inc. ("Royal"), will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Royal and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Royal will be sentenced under the Sentencing Reform Act, 18 U.S.C. §3551, <u>et seq</u>. and 28 U.S.C. §991, <u>et seq</u>. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States Court by a preponderance of the evidence.

    A.    The defendant, Royal, agrees to the following:

        1.    Royal will waive prosecution by Indictment and enter a plea of guilty to a one-count Information, charging it with violating Title 18, United States Code, Sections 2314 and 2, pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A draft copy of the Information is attached hereto as "Exhibit A."

        2.    Royal will pay mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A and 3664, to the victims and/or other persons

LIMITED OFFICIAL USE

   or parties authorized by law in such amounts, at such times, and according to such terms as the Court shall direct.

3. Royal agrees to abandon and relinquish ownership of all of the property seized by the United States Secret Service during the course of the search conducted at its offices on May 17, 2006. Royal consents to the Secret Service taking possession, title and control of this property.

4. Upon request of the United States, Royal agrees to provide all information regarding its income, assets and financial status.

5. At the time Royal enters its plea of guilty, it will deposit a special assessment of $400.00 in the form of cash, or check or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

6. Royal agrees that the monies that are the subject of the civil forfeiture action at civil action number 06-639 shall be paid to victims through a Court-ordered account that will be established by the United States at civil action number 06-639 as directed by the Court.

7. Royal agrees to voluntarily forfeit to the United States all of its right, title and interest in the properties that are the subject of the civil forfeiture actions at civil action numbers 06-683, 06-787 and 06-1119 (hereinafter collectively the Subject Properties).

8. Royal consents to the entry of judgments of forfeiture against the Subject Properties in the civil actions. Royal waives any former jeopardy or double jeopardy claims in or as a result of any civil forfeiture seizures and arrests, any interlocutory or final sales and/or the entry of judgments of forfeiture in the civil actions. It further acknowledges that the Subject Properties are civilly forfeitable to the United States.

9. The parties agree that Royal will not be required to pay the seizure, storage or litigation costs incurred by the United States relating to the Subject Properties.

10. Royal waives any former jeopardy or double jeopardy claims it may have in or as a result of any related civil or administrative actions.

11. Royal waives the right to take a direct appeal from its conviction or sentence under 28 U.S.C. §1291 or 18 U.S.C. §3742, subject to the following exceptions:

   (a) If the United States appeals from the sentence, Royal may take a direct appeal from the sentence.

   (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Royal may take a direct appeal from the sentence.

   Royal further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking its conviction or sentence, and the right to file any other collateral proceeding attacking its conviction or sentence.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. Based on the information obtained to date by the United States in its investigation of the subject matter of the attached Information, the United States Attorney agrees that the charges against Royal, its principals, and employees shall be limited to those set forth in the Information. Royal acknowledges that nothing herein is intended to preclude the United States from pursuing additional charges against Royal, its principals,

    or employees based on evidence (a) discovered after the date hereof or (b) otherwise not addressed by the subject matter of the investigation of Royal and its employees to date by the United States Secret Service and/or the United States Attorney, regardless of when discovered.

  2. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Royal in the offense charged in the Information and of any other matters relevant to the imposition of a fair and just sentence.

  3. The United States Attorney will take any position she deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Royal and the United States Attorney further understand and agree to the following:

  1. The maximum statutory penalty that may be imposed upon Royal is:

    (a) A fine of $500,000.00;

    (b) A term of probation of 5 years;

    (c) A special assessment under 18 U.S.C. § 3013 of $400.00;

    (d) Mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A and 3664.

  2. The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law.

  3. The parties stipulate that the total loss in this case for purposes of both restitution and sentencing under the Sentencing Guidelines is $300,630.00. This stipulation represents the parties' best understanding on the basis of the information available as of the date of this agreement. The stipulation is not binding on the Court and does not preclude the parties from

bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed. The parties intend that the monies seized by the United States and subject to the forfeiture action at 06-639 be applied towards the foregoing restitution amount, such that the remaining balance of restitution shall be paid by Royal at sentencing in accordance with section C.5 below.

4. The parties agree that, under §§8C2.3 and 2B1.1 of the Sentencing Guidelines, the base offense level is 6 and there is a 12-level increase in the offense level based on the amount of loss being between $200,000 and $400,000. The parties therefore stipulate that the offense level is 18, resulting in a base fine under §8C2.4 of $350,000. The parties stipulate that Royal did not operate primarily for a criminal purpose or primarily by criminal means for purposes of §§8C1.1 and 8C3.2(a). The parties stipulate that the offense involved fewer than 10 victims, that Royal was not in the business of receiving stolen property, and that apart from the 12-level enhancement due to the loss amount described herein, no other enhancements under the Sentencing Guidelines apply. The parties further agree that the starting culpability score of 5 under §8C2.5(a) should be reduced by 2 levels under §8C2.5(g)(2), because Royal fully cooperated in the government's investigation and clearly demonstrated recognition of and affirmative acceptance of responsibility for its criminal conduct, resulting in an adjusted culpability score of 3. Based on the foregoing and the application of §8C2.6, the parties agree that the applicable fine range under the Sentencing Guidelines is $210,000 to $420,000. At sentencing, the parties agree that they will jointly recommend to the Court that Royal be fined at the low point of the applicable range. The government further agrees that disgorgement is not applicable in this case and will not seek disgorgement. The stipulations set forth in this paragraph represent the parties' best understanding on the basis of the information available as of the date of this agreement. They are not binding on the Court and do not preclude the parties from bringing to the attention of the

Page 6

       United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed.

5. Royal shall pay its restitution obligation as follows: (1) the monies that are the subject of the civil action forfeiture action at 06-639 shall be paid into á Court-ordered account that will be established by the United States at civil action number 06-639; and (2) the balance shall be paid by check payable to the United States and delivered to the United States at sentencing or as otherwise directed by the Court, which check shall be deposited by the United States into the Court-ordered account at civil action number 06-639. The monies deposited into the Court-ordered account at civil action 06-639 shall be paid by the United States to victims as directed by the Court.

6. The parties agree that neither the United States Attorney nor Royal will move for an upward or downward departure from the applicable guideline range.

7. The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. Royal acknowledges that the willful failure to pay any fine may subject it to additional criminal and civil penalties under 18 U.S.C. §3611 et seq.

8. This agreement does not preclude the government from pursuing any civil or administrative remedies against Royal or its property.

9. None of the stipulations set forth in this agreement are intended by the parties to bind the Court.

This letter sets forth the full and complete terms and conditions of the agreement between Royal Distribution Inc. and the United States Attorney for the Western District of Pennsylvania, and there

Page 7

are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*/s/ Mary Beth Buchanan*

MARY BETH BUCHANAN
United States Attorney


I have received this letter on behalf of the defendant, Royal Distribution Inc. As a duly authorized officer of Royal Distribution Inc., pursuant to the corporate resolution, attached hereto and incorporated herein, I have been authorized and directed to appear on behalf of Royal Distribution Inc. as its designated authorized representative to formally enter a plea of guilty to the Information at Criminal Number **07-231**. I have read the plea agreement and discussed it with the officers and directors of Royal Distribution Inc. and acknowledge that it fully sets forth the terms and conditions of the agreement between the Office of the United States Attorney for the Western District of Pennsylvania and Royal Distribution Inc. I affirm that there have been no additional promises or representations made to Royal Distribution Inc. by any agents or officials of the United States in connection with this matter.

ROYAL DISTRIBUTION INC.

By: */s/*
Name: Joel McElroy
Title: President
Date: Sept. 7, 2007


Witnessed by:

*/s/ Gail Johnson for Saskia Jordan*

SASKIA A. JORDAN, ESQUIRE
Counsel for Royal Distribution Inc.

## UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF ROYAL DISTRIBUTION INC.

### SEPTEMBER 5, 2007

BY CONSENT, pursuant to Section 3.10 of the Bylaws of ROYAL DISTRIBUTION INC., a Colorado corporation (the "*Company*") and the authority granted by Section 7-108-202 of the Colorado Business Corporation Act, the undersigned, being all of the Directors of the Board of Directors (the "*Board*") of the Company, hereby waive notice and actual attendance at a special meeting of the Board and take the following actions by consent, to have the same force and effect as actions taken at a special meeting of the Board.

### PLEA AGREEMENT; WAIVER OF INDICTMENT; ARRAIGNMENT PLEA

WHEREAS, on May 17, 2006 the U.S. Secret Service searched the offices of the Company, seizing certain property more particularly described in those certain civil forfeiture action number 06-683, 06-787 and 06-1119 (the "*Seized Property*") alleged to be fraudulently obtained, which search resulted in the U.S. Attorney charging the Company with violating Title 18, U.S. Code, Sections 2314 and 2 (the "*Criminal Charge*"); and

WHEREAS, as a result of the Criminal Charge, the Company is obligated to appear before the U.S. District Court for the Western District of Pennsylvania (the "*Court*"); and

WHEREAS, the Board believes it to be in the best interests of the Company to enter into the Plea Agreement with the U.S. Attorney for the Western District of Pennsylvania substantially in the form attached hereto as EXHIBIT A (the "*Plea Agreement*"); and

WHEREAS, the Board believes it to be in the best interest of the Company to waive the requirement of an indictment by entering into the Waiver substantially in the form attached hereto as EXHIBIT B (the "*Waiver*"); and

WHEREAS, the Board believes it to be in the best interest of the Company to enter an arraignment plea of guilty to the Criminal Charge by entering into the Arraignment Plea substantially in the form attached hereto as EXHIBIT C (the "*Arraignment Plea*").

### THEREFORE, BE IT:

RESOLVED, that the Company be and is hereby authorized and directed to enter into the Plea Agreement, waive prosecution by Indictment and enter a plea of guilty to the Criminal Charge; and be it

FURTHER RESOLVED, that the Company be and is hereby authorized and directed to execute the Plea Agreement, the Waiver and the Arraignment Plea in substantially the forms attached hereto as EXHIBITS A, B AND C, respectively; and be it

FURTHER RESOLVED, that the officers and directors of the Company be and are hereby authorized in the name of and on behalf of the Company to take such other actions and to execute and deliver such other certificates, notices, instruments and other documents as may be required, or as such officers may deem desirable, appropriate or proper in order to carry out and perform all obligations of the Company in connection with the Plea Agreement, Waiver and Arraignment Plea or under any other instrument or document executed pursuant to or in connection therewith, all such actions to be performed in such manner as such officers and directors shall deem desirable, appropriate or proper and such execution by such officers and directors to be conclusive evidence that such officers deem the same to be desirable, appropriate or proper; and be it

**FURTHER RESOLVED**, that the officers and directors of the Company be, and each of them hereby is, authorized in the name and on behalf of the Company to waive prosecution by Indictment and enter a plea of guilty to the Criminal Charge and waive the preparation of a pre-sentence investigation report; and be it

**FURTHER RESOLVED**, that the Company be and is hereby authorized to pay mandatory restitution under 18 U.S.C. §§ 3663, 3663A and 3664 to such victims or other persons as determined by the Court by check payable to the United States at the time of sentencing or as otherwise directed by the Court; and be it

**FURTHER RESOLVED**, that the Company be and is hereby authorized to abandon and relinquish ownership the Seized Property and transfer all possession, title and control of the Property to the U.S. Secret Service; and be it

**FURTHER RESOLVED**, that the Company be and is hereby authorized to deposit a special assessment of $400.00 with the Court pursuant to 18 U.S.C. § 3013; and be it

**FURTHER RESOLVED**, that the Company be and is hereby authorized to pay the monies subject to civil forfeiture action No. 06-639 to such victims as may be identified therein or by the Court, through deposit into a Court-ordered account as directed by the Court; and be it

**FURTHER RESOLVED**, that the Company be and is hereby authorized to forfeit to the United States all of its right, title and interest in those certain properties of the Company (collectively, the "*Subject Properties*") subject to civil forfeiture actions Nos. 06-683, 06-787 and 06-1119 (the "*Civil Actions*") pending against the Company; and be it

**FURTHER RESOLVED**, that the Company be and is hereby authorized to consent to the entry of judgments of forfeiture against the Subject Properties in the Civil Actions; and be it

**FURTHER RESOLVED**, that the Company be and is hereby authorized to waive all rights to any former or double jeopardy claims in or as a result of the civil forfeiture seizures and arrests, any interlocutory or final sales and/or the entry of judgments of forfeiture in the Civil Actions; and be it

**FURTHER RESOLVED**, that the Company be and is hereby authorized to waive any former or double jeopardy claims the Company may have in or as a result of any civil or administrative actions related to the Civil Actions; and be it

**FURTHER RESOLVED**, that the Company be and is hereby authorized to waive all rights to take a direct appeal from the Company's convictions or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742; except that, if (a) the United States appeals from the sentence; (b) the sentence exceeds the applicable statutory limits set forth in the U.S. Code; or (c) the sentence unreasonably exceeds the guideline range determined by the Court under the applicable sentencing guidelines, the Company shall be permitted to take a direct appeal from the sentence; and be it

**FURTHER RESOLVED**, that the Company be and is hereby authorized to waive the right to (a) file a motion to vacate sentence under 28 U.S.C. § 2255; (b) attack the Company's conviction or sentence; or (c) file any collateral proceeding attacking the conviction or sentence except as set forth above; and be it

**FURTHER RESOLVED**, that the Company be and is hereby authorized to stipulate to all the following for purposes of the Plea Agreement: (a) the maximum statutory

2

{W0797594 MEE}

penalty that may be imposed for the Criminal Charge is: (i) a fine of $500,000; (ii) a term of probation of five (5) years; (iii) a special assessment of $400.000; and (iv) mandatory restitution under 18 U.S.C. §§ 3663, 3663A and 3664; (b) the total loss for the purposes of restitution and sentencing is $300,630.00; (c) the base offense level under §§ 8C2.3 and 2B1.1 of the relevant sentencing guidelines is six (6) with a twelve (12)-level increase for a total offense level of eighteen (18); (d) the Company did not operate primarily for a criminal purpose or primarily by criminal means; (e) the offense involved fewer than ten (10) victims; (f) the Company was not in the business of receiving stolen property; (g) the culpability score should be reduced by two (2) because the Company fully cooperated with the investigation; and (h) the applicable fine range is $210,000 to $420,000; and be it

**FURTHER RESOLVED**, that the officers and directors of the Company be, and each of them hereby is, authorized in the name and on behalf of the Company to take all actions that they may deem necessary or advisable in order to comply with the Plea Agreement and otherwise to effect the intent of the foregoing resolutions; and be it

**FURTHER RESOLVED**, that the officers and directors of the Company be each of them hereby is authorized to perform all obligations to be performed by the Company in connection with the Plea Agreement and any other instrument or document executed in connection with the foregoing resolutions, including without limitation, tendering payment of restitution in accordance with the payment terms set forth therein.

**COURT APPEARANCES**

**WHEREAS**, in conjunction with the Criminal Charge, a representative of the Company is required to personally appear at a plea and sentencing hearing and make a guilty plea on behalf of the Company and receive the sentence to be imposed on the Company immediately following the entering of the guilty plea on behalf of the Company in open Court; and

**THEREFORE, BE IT:**

**RESOLVED**, that Joel McElroy, as President of the Company, be, and hereby is, authorized and directed to (a) represent the Company before the Court and with the U.S. Probation Office; (b) formally enter a plea of guilty to the Criminal Charge; (c) waive the preparation of a pre-sentence investigation report; (d) represent the Company at the plea and sentencing hearing; and (e) take all other actions that he or she may deem necessary or advisable in order to effect the intent of the foregoing resolutions.

The foregoing Resolutions are adopted effective as of the day and year first written above.

**DIRECTORS:**

_____
MATT LOCKWOOD

_____
JOEL MCELROY

_____
KATRINA JOHNSON (AKA KATRINA SNOWDEN)

3

{W0717294 MEE}